# ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joshua M. Wolff, Esq. (Bar No. 134426)<br>WOLFF LAW CORPORATION<br>9160 Irvine Center Dr., Suite 200<br>Irvine, California 92618-4683<br>T: (949) 769-3600 \| F: (949) 769-3601<br>jwolff@wolff-law.com | <br>FILED<br>OCT 23 2013<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:            Deputy Clerk |
| ☐ Individual appearing without attorney<br>☒ Attorney for: Mach-1 Autogroup, et al. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>MARC JOSEPH SPIZZIRRI | CASE NO.: 8:13-bk-14702 MW<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>(with supporting declarations)<br>**(ACTION IN NON-BANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 11/18/2013<br>TIME: 9:00 am<br>COURTROOM: 6C |

**MOVANT:** Mach-1 Autogroup, Mach-1 RSMH, LLC, and Craig Baptiste

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (if any)(Responding parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

**Hearing Location:**

☐ 255 East Temple Street, Los Angeles, CA 90012      ☒ 411 West Fourth Street, Santa Ana, CA 92701
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
☐ 3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                        Page 1                   F 4001-1.RFS.NONBK.MOTION

3. ☒ a. This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

☐ b. This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served:
☐ at the hearing ☐ at least _____ days before the hearing.

(1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

(2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court.

(3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 10/22/2013

Wolff Law Corporation
Printed name of law firm (if applicable)

Joshua M. Wolff
Printed name of individual Movant or attorney for Movant

_[signature]_
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**Movant:** Mach-1 Autogroup, Mach-1 RSMH, LLC, and Craig Baptiste

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor and Debtor's bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (Non-bankruptcy Action) in a non-bankruptcy forum:

    Case name: Family Investment Co., et al v. Mach-1, et al.
    Docket number: 30-2009-00126504
    Court or agency where pending: Orange County Superior Court

2. **Case History:**

    a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*specify date*): 05/30/2013

    b. ☐ An order of conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

    c. ☐ Plan was confirmed on (*specify date*):

    d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached declarations.

    e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:

    a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.

    b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or estate property.

    c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    e. ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.

    f. ☒ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

    g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F 4001-1.RFS.NONBK.MOTION

4. Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be attached hereto.*)

   a. ☒ Movant submits the attached declaration(s) to provide evidence in support of this Motion pursuant to LBRs.

   b. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit._____.

   c. ☒ Other evidence (*specify*):
      Memorandum of Decision and Order, entered 10/21/2013 (Doc # 12), dismissing Debtor's adversary case no. 8:13-01265 without leave to amend.

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**


**WHEREFORE, Movant prays that this court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) (*check boxes re all applicable relief requested*):

   a. ☒ Terminating the stay as to Debtor and Debtor's bankruptcy estate.

   b. ☐ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration.

   c. ☐ Modifying or conditioning the stay as set forth in the attached continuation page.

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non- bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor or estate property.

3. ☒ Additional provisions requested:

   a. ☒ That the order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☒ That the 14-day stay prescribed by FRBP 4001(a)(3) be waived.

   c. ☐ That extraordinary relief be granted as set forth in the Attachment (*attach optional court form F 4001-1.EXT.RELIEF.ATTACH*).

   d. ☐ For other relief requested, see attached continuation page.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 4    F 4001-1.RFS.NONBK.MOTION

4. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date: 10/22/2013

Respectfully submitted,

Mach-1 Autogroup, Mach-1 RSMH, LLC, and Craig Baptiste
Printed name of Movant

Joshua M. Wolff
Printed name of attorney for Movant (if applicable)

_____
Signature

Printed name of individual Movant or Attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*          Page 5          **F 4001-1.RFS.NONBK.MOTION**

# DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM

**MOVANT:** Mach-1 Autogroup, Mach-1 RSMH, LLC, and Craig Baptiste

I, Joshua M. Wolff _____, declare as follows
_____(Print name of Declarant)_____

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum (Non-bankruptcy Action) that is the subject of this Motion because:

   ☐ I am the Movant
   ☒ I am the Movant's attorney of record in the Non-bankruptcy Action.
   ☐ I am employed by Movant as (*state title and capacity*):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non- bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:

   Case name: Family Investment Company, et al. v. Mach-1, et al.
   Docket number: 30-2009-00126504
   Court or agency where pending  Orange County Superior Court

4. **Procedural Status:**

   a. The causes of action pleaded in the non-bankruptcy forum are (*list*):

      Extent of Mach-1's rights flowing from charging order lien on Spizzirri's membership interest in Auto Orange II, LLC, created 1/30/2013. In particular, whether Mach-1's forceclosure on membership interest, per charging order lien created 1/30/2013, includes Spizzirri's community property and management interests.

      True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit _____

   b. The Non-bankruptcy Action was filed on (*specify date*): 01/30/2013

   c. Trial or hearing began/is scheduled to begin on (*specify date*): 11/01/2013

   d. The trial or hearing is estimated to require the following number of days (*specify*): 1

   e. Other defendants to the Non-bankruptcy Action are (*specify*): Candace Spizzirri

5. **Grounds for relief from stay:**

   a. ☐ The claim is insured. The insurance carrier and policy number are (*specify*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 6                              **F 4001-1.RFS.NONBK.MOTION**

b. ☒ The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1) ☐ It is currently set for trial on:

   (2) ☒ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*specify date*): _____. The basis for this belief is (*specify*):
   Parties have briefed state court on issues related to extent of Mach-1's membership rights. State Court requires relief from stay to issue ruling. Hearing presently set for 11/1/2013.

   (3) ☒ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor.

   (2) ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts (*specify*):

   (3) ☐ Debtor does not have a reasonable likelihood of reorganizing in this chapter ☐ 11 ☐ 13 bankruptcy case based upon the following facts (*specify*):

d. ☒ For other facts justifying relief from stay, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/22/2013 | Joshua M. Wolff | *[signature]* |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 7                           F 4001-1.RFS.NONBK.MOTION

Form 4001-1.RFS.NONBK.Motion

## **CONTINUATION ¶ 6 and Declaration ¶ 5d**

On request of a party in interest, after notice and a hearing, "the court shall grant relief from the stay ... for cause." 11 U.S.C. Section 362(d) (emphasis added). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *Mac Donald v Mac Donald* (*In re Mac Donald*), 755 F.2d 715, 717 (9th Cir. 1985). Although there is no clear definition of "cause" for lifting the stay, the Ninth Circuit has held that "cause" may exist for lifting the automatic stay "[w]here a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues ...." *Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates*), 912 F.2d 1162, 1166 (9th Cir. 1990); *see also Piombo Corp. v. Castlerock Props.* (*In re Castlerock Props.*), 781 F.2d 159, 163 (9th Cir. 1986) (affirming decision to lift stay for abstention reasons, finding that state law claims and an imminent trial justified termination of the stay).

The present motion for stay relief concerns Mach-1's membership interest in a third party entity known as Auto Orange II, LLC ("AOII"). This Court has already ruled that Mach-1's charging order lien rights in the Debtor's membership interest in AOII are not avoidable because the lien was created on January 30, 2013, when the motion for a charging order was served. Cal. Code of Civ. Pro. § 708.320(a).[1] And because the state court signed the charging order on March 1, 2013, within 30 days of lien creation, any transfer under § 547 is deemed to have occurred on January 30, 2013 – outside the 90-day preference period. 11 U.S.C. § 547(e)(2)(A). When Mach-1 acquired the membership interest through a state court judicial foreclosure sale on the charging order lien on May 17, 2013, Mach-1

---

[1] *See* Memorandum of Decision and Order, entered 10/21/2013 (Doc # 12), dismissing Spizzirri's adversary case no. 8:13-01265 without leave to amend.

-1-

merely obtained the actual security in which the lien had already given it an interest. Thus, under *Ehring v. Western Community Money Center (In re Ehring)*, 900 F.2d 22 184 (9th Cir. 1990), obtaining Spizzirri's interest in AOII did not give Mach-1 any greater rights in Spizzirri's estate than holding a lien on that interest. Accordingly, the Court dismissed without leave to amend Spizzirri's adversary action, which had sought to set aside the charging order lien and foreclosure.

The state court is waiting to address critical issues concerning Mach-1's membership interest in AOII. The issues include whether Mach-1's foreclosure on all assignable memberships interests in AOII includes Spizzirri's community property interests, and whether Mach-1's ownership of AOII (whether 99% or 100%) affords it management rights. These are matters of state law.[2] Their determination is critical because the only known assets of AOII – two commercial properties – are presently in foreclosure with sale dates rapidly approaching.

For these reasons, this Court should therefore issue an order lifting the stay and allowing the state court to proceed with its determinations concerning Mach-1's right to manage AOII.

Dated: October 21, 2013

GITTLER & BRADFORD
WOLFF LAW CORPORATION

By _____
Joshua M. Wolff, Esq.
Attorneys for Judgment Creditors
Mach-1 Autogroup, LLC, Mach-1
RSMH, LLC, and Craig Baptiste

---

[2] Community property rights and obligations are governed by California Family Code § 910, *et seq.*, and management is not an asset of the bankruptcy estate under 11 U.S.C. § 541(b) – "Property of the estate does not include ... (1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor."

-2-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9160 Irvine Center Dr., Suite 200, Irvine, CA 92618

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NON-BANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 10/22/2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

DEBTOR'S COUNSEL: William N. Lobel, wlobel@lntlaw.com; Mike D. Neue, mneue@lntlaw.com
CREDITOR COMMITTEE COUNSEL: Robert P. Goe, rgoe@goeforlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 10/22/2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

William N. Lobel, Mike D. Neue (Via Email)
LOBEL, NEUE & TILL, LLP
840 Newport Center Dr., Ste. 750
Newport Beach, CA 92660

Hon Mark S. Wallace (Via Courier)
United States Bankruptcy Court, Central District
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/22/2013 | Joshua M. Wolff | /s/ Joshua M. Wolff |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 8    F 4001-1.RFS.NONBK.MOTION

# ADDITIONAL SERVICE BY EMAIL

| | |
|---|---|
| Frank W. Battaile, Esq.<br>LAW OFFICE OF<br>FRANK W. BATTAILE<br>2301 Dupont Dr., Suite 530<br>Irvine, CA 92612<br>(949) 427-8546<br>F.Battaile@BattaileLaw.com | Counsel for Plaintiffs and Cross-Defendants Family Investment Company, Inc., Marc Spizzirri, Raymond Dixon, and Cross-Defendant Candace Spizzirri<br><br>*By email* |
| Stephen H. Marcus, Esq.<br>GITTLER & BRADFORD<br>10537 Santa Monica Blvd.<br>Third Floor<br>Los Angeles, California 90025<br>(310) 474-4007<br>smarcus@gblaw.net | Co-Counsel for Judgment Creditors Mach-1 Autogroup, LLC, Mach-1 RSMH, LLC, and Craig Baptiste<br><br>*By email* |
| Stanley R. Tomlinson, Esq.<br>4145 Sunnyhill Drive<br>Carlsbad, CA 92008<br>(760) 720-2323<br>stomlnsn@att.net | Co-Counsel for Judgment Creditors Mach-1 Autogroup, LLC, Mach-1 RSMH, LLC, and Craig Baptiste<br><br>*By email* |