Nanette D. Sanders – State Bar No. 120169
nanette@ringstadlaw.com
Brian R.M. Nelson – State Bar No. 279620
brian@ringstadlaw.com
RINGSTAD & SANDERS LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: 949.851.7450
Facsimile: 949.851.6926

General Bankruptcy Counsel for Bradley Sharp,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MARC JOSEPH SPIZZIRRI,<br><br>  Debtor.<br><br>─────────────────────────<br><br>MACH-1 RSMH, LLC; MACH-1 AUTO GROUP; and CRAIG BAPTISTE,<br><br>  Appellants,<br><br>v.<br><br>BRADLEY SHARP, Chapter 7 Trustee,<br>  Appellee. | Case No.: 8:13-bk-14702 MW<br><br>Chapter 7<br><br>**APPELLEE'S OBJECTION TO APPELLANT'S STATEMENT OF ISSUES ON APPEAL**<br><br>(No hearing required) |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE UNSECURED CREDITORS COMMITTEE, AND OTHER PARTIES-IN-INTEREST:**

Bradley Sharp, the duly appointed and acting Chapter 7 Trustee ("Appellee") for the estate of Marc Joseph Spizzirri (the "Debtor"), hereby submits this objection to the statement of issues on appeal filed by Mach-1 RSMH, LLC, Mach-1 Auto Group, and Craig Baptiste

(collectively, "Appellants") as follows.

## I.

## **BACKGROUND FACTS**

The instant appeal arises from Appellee's Motion for an Order disallowing the Claim of Mach-1 Auto Group, LLC and Craig Baptiste (Docket No. 667) (the "Motion"). By the Motion, Appellee sought an order disallowing Appellants' proof of claim (Claim No. 5 on the Court's Claims Register) (the "Claim") in its entirety, or, in the alternative, an order confirming that the Claim is contingent, unliquidated, and disputed.

Appellants filed an opposition to the Motion (Docket No. 700) (the "Opposition"), in which they argued that the Motion should be denied because: (1) Appellant should be collaterally estopped from objecting to the Claim because another bankruptcy court found that a debt owed by the Debtor's partner to Appellants was nondischargeable due to fraud; (2) the Motion seeks disallowance of the Claim based on Appellants' failure to provide adequate documentation to support the Claim, and such basis for disallowance of a claim is disfavored in this Circuit; and (3) the Motion was not based on admissible evidence. Appellants filed Evidentiary Objections to the Declaration of Bradley Sharp and Exhibits Attached Thereto Filed in Support of Motion to Disallow Claim No. 5 (Docket No. 699) (the "Evidentiary Objections") concurrently with the Opposition. Appellants based their third argument for denying the Motion on the Evidentiary Objections.

Appellee filed a reply to the Opposition (Docket No. 707), and the above-captioned Bankruptcy Court (the "Bankruptcy Court") conducted a hearing on June 8, 2015. At the hearing, the Bankruptcy Court overruled the Evidentiary Objections. On June 19, 2015, the Bankruptcy Court entered an Order Granting in Part Motion for an Order Disallowing the Claim of Mach-1 Auto Group, LLC and Craig Baptiste (Docket No. 732) (the "Order"). The Order provides that the Claim "is not an allowed claim at this time as the claim remains disputed." The Order further provides that the Claim "is neither allowed nor disallowed, and the rights of Mach-1/Baptiste as disputed creditors are preserved." Finally, the Order provides that the Order "is without prejudice to the rights of Mach-1/Baptiste to assert their disputed claim, or the rights of the Trustee to

1  further dispute such claim."

2  Appellants appealed the Order on July 2, 2015 (Docket No. 742). On July 16, 2015,
3  Appellants filed their Designation of Record on Appeal and Statement of Issues on Appeal
4  Pursuant to FRBP § 8009(a)(1)(A) (Docket No. 765) (the "Statement of Issues"). As will be
5  demonstrated below, the Statement of Issues improperly characterizes the Order. Appellee has
6  proposed an alternative statement of issues that comports with the actual rulings of the
7  Bankruptcy Court.

## II.

## APPELLANTS' STATEMENT OF ISSUES ON APPEAL

**1.  Appellants' First Issue on Appeal and Appellee's Response.**

Appellants' first issue on appeal is, "Whether the court erred in determining that a claim based on a contract subject to ready determination is unliquidated."

As discussed above, the Bankruptcy Court ruled that the Claim "is not an allowed claim at this time as the claim remains disputed." Similarly, the Bankruptcy Court ruled that the Claim is "neither allowed nor disallowed" and that Appellants' rights "as disputed creditors are preserved." Finally, the Bankruptcy Court ruled that the Order "is without prejudice to the rights of [Appellants] to assert their disputed claim, or the rights of [Appellee] to further dispute such claim." Accordingly, it is clear from the Order that the Bankruptcy Court did not determine whether the Claim is unliquidated. The Bankruptcy Court held that the Claim is disputed.

Appellee further objects to Appellants' first issue on appeal because it assumes facts that are in dispute. The first issue on appeal assumes that the Claim is based on a contract that is "subject to ready determination." In fact, the face of the Claim states that the basis for the claim is "judgement [sic]." *See* Claim No. 5 on the Court's Claims Register. Appellee disputes that the basis of the claim is based on a contract. Appellee further disputes that any contract allegedly giving rise to the Claim is "subject to ready determination." Because these facts are in dispute and the Bankruptcy Court did not resolve this dispute in the Order, the first issue on appeal should not assume that the Appellants' version of the facts is true.

///

2. **Appellants' Second Issue on Appeal and Appellee's Response.**

Appellants' second issue on appeal is, "Whether the court erred in determining that the claim of Mach-1 RSMH, LLC, Mach-1 Auto Group and Craig Baptiste is not an allowed claim."

As discussed above, the Order provides that the Claim is "neither allowed nor disallowed." Accordingly, Appellants' second issue on appeal omits an important portion of the Bankruptcy Court's ruling. The second issue should be revised to incorporate the Bankruptcy Court's full ruling, to wit "Whether the court erred in determining that the claim of Mach-1 RSMH, LLC, Mach-1 Auto Group and Craig Baptiste is neither allowed nor disallowed."

3. **Appellants' Third Issue on Appeal and Appellee's Response.**

Appellants' third issue on appeal is, "Whether claimants established the validity of their claim."

As discussed above, the Order provides that it is "without prejudice to the rights of Mach-1/Baptiste to assert their disputed claim, or the rights of the Trustee to further dispute such claim." Accordingly, the Bankruptcy Court did not rule on whether the Claim is valid. The validity of the Claim is therefore not a proper issue on appeal. The Order provides that Appellants are entitled to assert the Claim at a later date, presumably after the new trial to be conducted now that the judgment upon which the Claim is based has been reversed on appeal.

4. **Appellants' Fourth Issue on Appeal and Appellee's Response.**

Appellants' fourth issue on appeal is, "Whether the court erred in overruling the claimant's evidentiary objections to the Declaration of Bradley Sharp."

Appellee has no objection to the fourth issue on appeal.

5. **Appellants' Fifth Issue on Appeal and Appellee's Response.**

Appellants' fifth issue on appeal is, "Whether the court erred in not allowing the claim of Mach-1 RSMH, LLC, Mach-1 Auto Group and Craig Baptiste."

As discussed above, the Order provides that the Claim is "neither allowed nor disallowed." Accordingly, Appellants' fifth issue on appeal omits an important portion of the Bankruptcy Court's ruling. The fifth issue should be revised to incorporate the Bankruptcy Court's full ruling.

Moreover, the fifth issue on appeal appears to be materially identical to the second issue on appeal, and is therefore redundant.

6.  **Appellants' Sixth Issue on Appeal and Appellee's Response.**

Appellants' sixth issue on appeal is, "Whether the court erred in not giving preclusive effect to the non-dischargeable fraud judgment entered against Raymond Dixon, the 51% owner of and Marc Spizzirri's partner in the seller of the dealership to claimants (the underlying basis of the claim)."

In arguing for the validity of the Claim, Appellants' argued that Appellee was collaterally estopped from objecting to the Claim. Accordingly, this issue on appeal concerns the validity of the Claim. As discussed above, the Bankruptcy Court did not determine whether the Claim is valid. The Order provided that the Claim is "neither allowed nor disallowed," and preserved Appellants' right to assert the Claim at a later date. The validity of the Claim is therefore not a proper issue on appeal.

Moreover, because this issue concerns the validity of the Claim, it is materially similar to the third issue on appeal, and is therefore redundant.

7.  **Appellants' Seventh Issue on Appeal and Appellee's Response.**

Appellants' seventh issue on appeal is, "Whether the court erred in determining that the claimants did not proffer sufficient evidence for allowance of their claim."

As discussed above, the Bankruptcy Court did not determine whether the Claim is valid, allowed or disallowed. The Order provides that the Claim is "neither allowed nor disallowed," and preserved Appellants' right to assert the Claim at a later date. The validity of the Claim is therefore not a proper issue on appeal.

Moreover, because this issue concerns the validity of the Claim, it is materially similar to the third and sixth issues on appeal, and is therefore redundant.

## III.

## APPELLEE'S PROPOSED STATEMENT OF ISSUES ON APPEAL

In light of the above considerations, Appellee respectfully submits that the statement of issues on appeal should be as follows:

1. Whether the Bankruptcy Court erred in determining that Claim No. 5 on the Court's Claims Register (the "Claim") is disputed.

2. Whether the Bankruptcy Court erred in determining that the Claim is neither allowed nor disallowed.

3. Whether the Bankruptcy Court erred in overruling Appellants' evidentiary objections to the Declaration of Bradley Sharp filed in support of the Motion for an Order Disallowing the Claim.

Dated: July 30, 2015                    Respectfully submitted,

                                        RINGSTAD & SANDERS LLP


                                        By: /s/ Nanette D. Sanders
                                            Nanette D. Sanders
                                            General Bankruptcy Counsel for
                                            Bradley Sharp, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2030 Main Street, Suite 1600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **APPELLEE'S OBJECTION TO APPELLANT'S STATEMENT OF ISSUES ON APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 30, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Mel Aranoff maranoff@hrbc.com
- William M. Burd wmburd@burd-naylor.com
- Dan E Chambers dchambers@clfca.com
- Ronald R Cohn rcohn@horganrosen.com
- Caroline Djang cdjang@rutan.com
- Fritz J Firman firmanweber@Yahoo.com  **COUNSEL FOR CREDITOR/APPELLANT**
- Nichole Glowin nglowin@wrightlegal.net, bkgroup@wrightlegal.net
- Robert P Goe , rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- James Andrew Hinds jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Stephen E Hyam shyam@clarktrev.com
- John Mark Jennings jjennings@shbllp.com
- Verlan Y Kwan verlan@keystone-law.com
- William N Lobel wlobel@LNTlaw.com, nlockwood@LNTlaw.com;jokeefe@LNTlaw.com;banavim@LNTlaw.com
- Brian R Nelson becky@ringstadlaw.com, brian@ringstadlaw.com
- Mike D Neue mneue@lntlaw.com, jokeefe@lntlaw.com;nlockwood@lntlaw.com
- Tom Roddy Normandin tnormandin@pnbd.com, nwong@pnbd.com
- Robert E Opera ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Eric S Pezold epezold@swlaw.com, sberumen@swlaw.com
- Brett Ramsaur bramsaur@swlaw.com, kcollins@swlaw.com
- Todd C. Ringstad becky@ringstadlaw.com
- Nanette D Sanders becky@ringstadlaw.com
- Justin Santarosa jsantarosa@hrbc.com
- Paul R Shankman pshankman@jhindslaw.com
- Leonard M Shulman lshulman@shbllp.com
- Scott O Smith ssmith@buchalter.com
- Derrick Talerico dtalerico@lntlaw.com, nlockwood@lntlaw.com;jokeefe@lntlaw.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Michael J. Weiland mweiland@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Jeffrey N Williams jwilliams@wargofrench.com
- Barouir B Yeretzian byeretzian@jhindslaw.com, yeretzian@gmail.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 30, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**: Honorable Mark S. Wallace, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth Street, Bin Beside the 6th Floor Elevators, Santa Ana, CA 92701-4593

**Via Email:**
Bradley Sharp
Development Specialists, Inc.
333 S. Grand Ave., #4070
Los Angeles, CA 90071-1544

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 30, 2015 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          F 9013-3.1.PROOF.SERVICE