Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
2030 Main Street, 16th Floor
Irvine, CA 92614
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Bradley Sharp,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MARC JOSEPH SPIZZIRRI,<br><br>Debtor. | Case No. 8:13-bk-14702-MW<br><br>Chapter 7 Proceeding<br><br>**RESPONSE OF CHAPTER 7 TRUSTEE TO MOTION FOR STAY PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005**<br><br>**DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF**<br><br>Date: February 29, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 6C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

Bradley Sharp, the Chapter 7 Trustee and former Chapter 11 Trustee (the "Trustee") in the above-captioned bankruptcy proceeding of Marc Joseph Spizzirri (the "Debtor"), respectfully submits this Response to the Motion of Mach-1 RSMH, LLC, Mach-1 Autogroup and Craig Baptiste (the "Mach-1 Entities"), for Stay Pending Appeal Pursuant to Federal Rule

of Bankruptcy Procedure 8005 (the "Motion")[Docket No. 933], as well as the joinder of Nichols Capistrano Associates ("Nichols Capistrano") thereto. [Docket No. 934].

Dated: February 16, 2016        Respectfully Submitted,

RINGSTAD & SANDERS LLP


By:     /s/ Nanette D. Sanders
        Nanette D. Sanders
General Bankruptcy Counsel for
Bradley Sharp, Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

A.  Summary of Motion.

By the Motion, the Mach-1 Entities readvance their arguments made in opposition to the Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case Under U.S.C. §§ 105, 305(A) and 707(A) (the "Motion to Dismiss")[Docket No. 871]. Primarily, they argue they will be damaged by a dismissal given (1) their pending Section 727 and 523 complaint, and (2) the Debtor's fraud and fraudulent conveyances were specifically designed by the Debtor to deny creditors the right to collect amounts owed by the Debtor. [Motion, 2:8-10].

As argued by the Debtor at the hearing on the Motion to Dismiss, dismissal of the bankruptcy case renders the Section 727 complaint moot – with a dismissal there is no discharge. Dismissal gives the Mach-1 Entities exactly what they seek by the Section 727 complaint, namely a debtor against whom they can pursue any claim they may ultimately establish following a retrial in state court. The 523 complaint is arguably premature in that the Debtor disputes the claims of the Mach-1 Entities and, given the Debtor's successful appeal of the initial judgment entered by the state court following trial, the Mach-1 Entities do not yet have a claim for which nondischargeability can be sought.

With regard to the "Debtor's fraud and fraudulent conveyances", the Trustee cannot attest to any actual fraud on the part of the Debtor, but the Trustee has thoroughly investigated the purported fraudulent conveyances the Mach-1 Entities allege exist. As the Trustee has advised the Court, the Trustee is informed and believes that the fraudulent conveyance analysis upon which the Mach-1 Entities base their allegations was prepared by Mr. Barry Baptiste.[1] Mr. Baptiste is not an attorney, and while his analysis of the factual underpinnings of potential claims is quite detailed, it is without legal support. The Trustee has carefully

---

[1] Mr. Baptiste, the designated representative of the Mach-1 Entities, acted as chairperson of the Official Committee of Unsecured Creditors (the "Committee") during the Chapter 11 proceeding and his declaration was relied upon by the Committee in bringing the motion which resulted in the appointment of a Chapter 11 trustee.

reviewed and investigated all potential fraudulent conveyance claims advanced by Mr. Baptiste and concluded that the alleged claims are either non-existent or such that, if provable, of no value to the estate given the amounts at issue or the costs of litigation to pursue them.

B. Legal Basis for the Motion.

The Mach-1 Entities argue that by their Motion they satisfy all four factors to be considered by a Court when presented with a motion for stay pending appeal, citing *Hilton v. Bruanskill*, 481 U.S. 770, 776, 107 S. Ct. 2113 (1987). The Trustee does not disagree with the law cited by the Mach-1 Entities, but does disagree with their assertion that the elements are satisfied.

## III.

## THE MACH-1 ENTITIES HAVE NOT SATISFIED THE REQUIREMENTS FOR A STAY PENDING APPEAL

A. The Legal Standard for a Stay Pending Appeal.

As set forth in the Motion, the federal courts weigh the following four factors in considering a motion for a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure other parties interest in the proceeding; and (4) where the public interest lies. The Mach-1 Entities argue that the first two factors are considered the "most critical" [Motion, 6:19-20] and that they have satisfied "all of these elements". [Motion, 6:20]. As will be shown below, each of these factors weighs against granting the Motion.

B. Appellants' Likelihood of Success on the Merits.

The Mach-1 Entities argue that they have a high likelihood of success on the merits, alleging that "the sparse evidence before the Court did not establish cause for dismissal or that the Creditors will not be prejudiced by dismissal of the case." [Motion, 6:22-23]. The Mach-1 Entities argue that the Court improperly granted the Debtor's Motion to Dismiss and further that the Court had an "Independent Obligation under §707(a) to Determine What Would Happen to all the Creditors upon Dismissal and Whether the Creditors Would be Prejudiced

by the Dismissal and what would be in the Best Interest of All Creditors . . ." [Motion, 6:24-27]. The Trustee disagrees.

Bankruptcy Code Section 707(a) provides that a court may dismiss a bankruptcy case for cause, including three enumerated grounds that constitute cause. 11 U.S.C. § 707(a). Section 102(3) provides that "includes" and "including" are not limiting. 11 U.S.C. § 101(3). According to the Ninth Circuit, "The grounds that § 707(a) lists as providing 'cause' for dismissal are illustrative and not exhaustive." *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000). Thus, the determination of "cause" under Section 707(a) depends on the totality of the circumstances. *In re Kaur*, 510 B.R. 281, 285 (Bankr. E.D. Cal 2014).

One court found that administrative insolvency can constitute cause to dismiss a case under Section 707(a). *In re Barbaria*, 229 B.R. 124 (Bankr. E.D. Tex. 1998). In *Barbaria*, an individual filed a Chapter 11 proceeding, which was subsequently converted to Chapter 7. *Id.* at 125. The debtor moved for the case to be dismissed, and the court granted the motion. *Id.* at 126. The court upheld its decision after allowing a motion for reconsideration. *Id.*

In so holding, the court explained that the Chapter 7 trustee appeared and stated that he believed the Chapter 7 estate was administratively insolvent. *Id.* The court stated that this evidence "certainly preponderates in favor of dismissing these actions immediately." *Id.* The court also stated,

> One of the factors mitigating most strongly against keeping this case in bankruptcy is the testimony of the Chapter 7 Trustee. It was clear from the Chapter 7 Trustee's testimony that he has expended a great deal of time and effort and has located nothing of any value. It is not reasonable to expect this Trustee to proceed with no hope of recovery of any of his expenses and it is certainly not in keeping with the needs of the bankruptcy system for this Trustee to devote an undue amount of time to this case when there are other liquidation proceedings that he should be pursuing. The fact that this case is over a year old and the Trustee's only assessment at this point is that the case

is administratively insolvent certainly indicates that there is no future in maintaining this action in bankruptcy.

*Id.* at 128. The court also noted that no meaningful efforts were being made toward a reorganization, the only creditor taking an active interest in the case was the IRS so the court was essentially refereeing a two-party dispute, and it was clear that the debtor had no intention of cooperating in full disclosure of his assets or his income and was only using the bankruptcy process to thwart the IRS. *Id.* at 125.

Here, like in *Barbaria*, the Trustee has expended significant effort in locating and liquidating assets with which to pay creditors, and has concluded that the estate is administratively insolvent. Also like in *Barbaria*, there are only two active creditors in this case, and there can be no meaningful efforts toward a reorganization.

At the hearing on the Motion to Dismiss, the Court heard extensive argument by the parties and specifically elicited information from the Trustee regarding the Trustee's assertion that the estate is administratively insolvent. The Trustee provided detailed information regarding the potential assets currently available in the estate for liquidation and regarding the outstanding administrative costs at the Chapter 11 and Chapter 7 level.

The only parties opposing the dismissal were the Mach-1 Entities, and Nichols Capistrano by joinder. The Mach-1 Entities have been involved in state court litigation with the Debtor for at least four years. This litigation has continued during the course of the Chapter 11 and Chapter 7 proceedings, including appellate proceedings which resulted in the judgment issued in favor of the Mach-1 Entities being overturned by the California appellate court. The Debtor and the Mach-1 Entities continue their state court litigation, with a new trial of their respective claims currently scheduled for October 11, 2016 [Motion, 5:20-21]

Given the administrative insolvency of the estate, cause existed for this Court to dismiss the case under Section 707(a) and the assertion of the Mach-1 Entities to the contrary is in error. Because cause existed to dismiss the case, there is a strong likelihood that the order dismissing the case will be upheld on appeal. Accordingly, the first factor weighs strongly against granting the Motion.

C. <u>Immediate Irreparable Harm</u>.

Here, the Mach-1 Entities argue that the Debtor has failed to establish that the Mach-1 Entities will not suffer any prejudice or harm by the dismissal of the case. In other words, the Mach-1 Entities argue that the Motion to Dismiss should have been denied unless the Debtor could establish that no creditor would be harmed by the dismissal. This is the incorrect standard. The correct standard is whether a dismissal is in the best interest of creditors generally.

As one court explained, "[T]he determination that dismissal is in the best interests of creditors and the estate is not affected by the probable result that Sabatini will execute its judgment and reach the Debtor's assets before other unsecured creditors." *In re Acme Cake Co., Inc.*, 495 B.R. 212, 222 (Bankr. E.D.N.Y. 2010). As another court explained, "It is not necessary that the interest of *every* creditor actually favor conversion. There is no numerosity requirement inherent in the section 1112(b) best interest test. The interest of a single creditor with a large enough claim will suffice." *In re Staff Inv. Co.*, 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992) (emphasis in original). Thus, the question is not whether it is in the best interest of the Mach-1 Entities (parties who as of the date hereof do not even hold an allowed claim against the estate) to dismiss, but rather whether it is in the best interest of creditors generally.

Any harm to the Mach-1 Entities arising from dismissal is not irreparable. The Mach-1 Entities, and all other creditors for that matter, retain their state court remedies against the Debtor who will not receive a discharge as a result of the dismissal. The Mach-1 Entities argue that they will essentially "lose their place in line" given that other creditors have judgments against the Debtor but they do not. The reality is that the Mach-1 Entities lost their place in line the moment the California appellate court vacated the previous judgment. Any harm arose then, not by virtue of a dismissal.

There are no secured creditors remaining in this case. There are only administrative claims, priority tax claims, and general unsecured claims. Assets of the estate are insufficient to satisfy the administrative claims in full. Any assets effectively abandoned to the Debtor

upon dismissal will remain subject to the claims of all creditors, including any claim the Mach-1 Entities may ultimately hold. Accordingly, the Mach-1 Entities will not be irreparably injured absent a stay. Therefore, the second factor weighs against granting the Motion.

D. <u>Effect of Granting a Stay</u>.

The Mach-1 Entities argue that granting a stay will simply maintain the status quo. In this instance, this is an over simplification.

The estate is administratively insolvent. The case has been ordered dismissed. The Mach-1 Entities (and Nichols Capistrano) have appealed the Dismissal Order. The Trustee cannot make distributions to Chapter 11 administrative creditors until Chapter 7 administrative claims are satisfied in full. Chapter 7 administrative claims will continue to accrue until the appeal is resolved. The only thing accomplished by the Appeals and this Motion is the guarantee that even less will be available for administrative creditors. As such, issuance of a stay would injure administrative creditors. Thus, the third factor weighs against granting the Motion.

E. <u>The Public Interest</u>.

The Trustee agrees with the arguments of the Mach-1 Entities that one of the core objectives of the bankruptcy process is to maximize the value of the bankruptcy estate. Here, however, as discussed above, granting the Motion will force the estate to incur more administrative debt—it will not maximize the value of the bankruptcy estate. In actuality, the appeal and the Motion are not designed to maximize value but rather to perpetuate the on-going dispute between the Mach-1 Entities and the Debtor. The interest of the public ceased to be a factor in this case long ago. Accordingly, the fourth factor weighs against granting the Motion.

## IV.

## **CONCLUSION**

The Trustee appreciates the frustration of the Mach-1 Entities. Their efforts to obtain a state court judgment against the Debtor have been thwarted and through the bankruptcy

process both the Mach-1 Entities and the Trustee have failed to locate additional assets or recovery claims which can be liquidated to satisfy allowed claims. But a continuation of the bankruptcy case will not in any way impact the state court proceedings in which the Mach-1 Entities and the Debtor are currently embroiled, nor will it produce additional assets with which to provide any recovery on account of any judgment that the Mach-1 Entities might ultimately obtain. The process has been exhausted. Granting a stay will not change these unfortunate circumstances, but will, instead, deepen the estate's administrative insolvency. That, coupled with the strong likelihood that the Dismissal Order will be upheld on appeal, leads to the conclusion that the Motion should be denied.

Dated: February 16, 2016              Respectfully Submitted,

                                      RINGSTAD & SANDERS LLP


                                      By:    /s/ Nanette D. Sanders
                                           Nanette D. Sanders
                                           General Bankruptcy Counsel for
                                           Bradley Sharp, Chapter 7 Trustee

- 9 -

## DECLARATION OF BRADLEY SHARP

I, Bradley Sharp, declare as follows:

1. I am an adult over the age of eighteen years. I am the duly appointed and acting Chapter 7 Trustee for this bankruptcy estate. The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify thereto. I submit this declaration in support of my Reply to the Motion of Mach-1 RSMH, LLC, Mach-1 Autogroup, and Craig Baptiste (the "Mach-1 Entities") for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005 (the "Motion").

2. During the course of this Chapter 7 proceeding, and the previous Chapter 11 proceeding, I believe I have thoroughly investigated the purported fraudulent conveyances the Mach-1 Entities allege exist. Based upon my direct communications with Barry Baptiste, I am informed and believe that Mr. Baptiste is the former chair of the Official Committee of Unsecured Creditors (the "Committee") appointed in this case and is the authorized representative of the Mach-1 Entities. Further based upon my direct communications with Mr. Baptiste, I am informed and believe that the fraudulent conveyance analysis upon which the Mach-1 Entities base their allegations in the Motion was prepared by Mr. Baptiste. Mr. Baptiste is not an attorney, and while his analysis of the factual underpinnings of potential claims is quite detailed, it is without legal support. My staff and I have carefully reviewed and investigated all potential fraudulent conveyance claims advanced by Mr. Baptiste and concluded that the alleged claims are either non-existent or such that, if provable, are of no value to the estate given the amounts at issue or the costs of litigation to pursue them.

3. I attended telephonically the January 11, 2016 hearing on the Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case Under U.S.C. §§ 105, 305(a) and 707(a) (the "Motion to Dismiss"), with my counsel present in the courtroom. During the course of the hearing, my counsel provided, with my consent, detailed information regarding the potential assets currently available in the estate for liquidation and regarding the outstanding administrative costs at the Chapter 11 and Chapter 7 level. As of the date hereof, the estate is administratively insolvent, meaning it has sufficient assets to satisfy currently outstanding

1  Chapter 7 administrative claims (although those claims continue to accrue), but has
2  insufficient assets to satisfy Chapter 11 administrative expenses incurred to date. Chapter 7
3  expenses continue to accrue in light of the pending appeals filed by the Mach-1 Entities and
4  Nichols Capistrano Associates of this Court's order dismissing the Debtor's bankruptcy case.

5      4.    Based upon my review of the claims docket and information gathered during
6  the course of my term as Chapter 11 and then Chapter 7 trustee in this case, I am informed
7  and believe that there are no secured creditors remaining in the case. There are only
8  administrative claims, priority tax claims, and general unsecured claims.

9      I declare under penalty of perjury under the laws of the United States that the
10  foregoing is true and correct to the best of my knowledge. Executed this 16th day of February,
11  2016 at June Lake, California.

_____
Bradley Sharp

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Suite 1600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled *(specify)*: **RESPONSE OF CHAPTER 7 TRUSTEE TO MOTION FOR STAY PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005;DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Mel Aranoff    maranoff@hrbc.com
- Reem J Bello    rbello@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- William M. Burd    wmburd@burd-naylor.com
- Dan E Chambers    dchambers@clfca.com
- Ronald R Cohn    rcohn@horganrosen.com
- Caroline Djang    cdjang@rutan.com
- Fritz J Firman    firmanweber@Yahoo.com
- Nichole Glowin    nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- James Andrew Hinds    jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Stephen E Hyam    shyam@clarktrev.com
- John Mark Jennings    jjennings@shbllp.com
- Edgar C Johnson    ej@vossjohnsonlaw.com, edgarcjohnson@gmail.com
- Simon Klevansky    sklevansky@kplawhawaii.com
- Verlan Y Kwan    verlan@keystone-law.com
- William N Lobel    wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- Brian R Nelson    becky@ringstadlaw.com, brian@ringstadlaw.com
- Mike D Neue    mneue@btntlaw.com
- Tom Roddy Normandin    tnormandin@pnbd.com, nwong@pnbd.com;srichards@pnbd.com;cathyjones@pnbd.com
- Robert E Opera    ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Eric S Pezold    epezold@swlaw.com, sberumen@swlaw.com
- Brett Ramsaur    bramsaur@swlaw.com, kcollins@swlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Justin Santarosa    jsantarosa@hrbc.com
- Paul R Shankman    pshankman@jhindslaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- Leonard M Shulman    lshulman@shbllp.com
- Scott O Smith    ssmith@buchalter.com
- Derrick Talerico    dtalerico@btntlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Michael J. Weiland    mweiland@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Jeffrey N Williams    jwilliams@wargofrench.com
- Brian Barouir Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  February 16, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Marc Joseph Spizzirri
30721 Hunt Club Drive
San Juan Capistrano, CA 92675

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 16, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Via Personal Delivery**: Honorable Mark S. Wallace, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth Street, Bin Beside the 6th Floor Elevators, Santa Ana, CA 92701-4593

**Via Email**:
Bradley Sharp
Development Specialists, Inc.
333 S. Grand Ave., #4070
Los Angeles, CA 90071-1544

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 16, 2016 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           **F 9013-3.1.PROOF.SERVICE**