Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
2030 Main Street, 16th Floor
Irvine, CA 92614
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Bradley Sharp,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MARC JOSEPH SPIZZIRRI,<br><br>Debtor. | Case No. 8:13-bk-14702-MW<br><br>Chapter 7 Proceeding<br><br>**MOTION BY CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS AND SUBSEQUENT DISMISSAL OF CASE, DISCHARGE OF TRUSTEE AND EXONERATION OF BOND; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF**<br><br>Hearing:<br><br>Date:  September 19, 2016<br>Time:  2:00 p.m.<br>Place:  Courtroom 6C<br>             411 W. Fourth Street<br>             Santa Ana, CA 92701 |

**TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

Bradley Sharp, Chapter 7 Trustee (the "Trustee") in the above-captioned Chapter 7 bankruptcy proceeding of Marc Joseph Spizzirri (the "Debtor"), hereby moves the Court for an order authorizing the Trustee to make a one time, final distribution to creditors and, upon completion of such distribution, dismissal of the case (the "Motion") consistent with this Court's Order Granting Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case Under 11 U.S.C. §§ 105, 305(a) and 707(a) (the "Dismissal Order)[Docket No. 894]. In connection with dismissal of the case, the Trustee also seeks an order discharging him and exonerating his bond.

This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Bradley Sharp (the "Sharp Declaration") attached thereto, the separate Notice of the Motion, and such other evidence, oral or documentary, as may be presented and considered by the Court in connection with this Motion and the hearing hereon.

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to make a final pro rata distribution to creditors as more particularly described in detail below and thereafter dismiss this bankruptcy case.

Dated: August 24, 2016                       Respectfully Submitted,

                                             RINGSTAD & SANDERS LLP


                                             By:  /s/ Nanette D. Sanders
                                                  Nanette D. Sanders
                                                  Bankruptcy Counsel for Bradley Sharp,
                                                  Chapter 7 Trustee

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A. Relevant Procedural Background.**

On May 30, 2013 the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court").

On June 19, 2014 the Court entered an order appointing a Chapter 11 Trustee [Docket No. 398]. Bradley Sharp was subsequently appointed as the Chapter 11 Trustee of the Debtor's estate [Docket No. 418].

On February 12, 2015 the Trustee and the Debtor entered into a Stipulation to Convert Case to Chapter 7 [Docket No. 616]. The Court entered an order granting the Stipulation on February 24, 2015 [Docket No. 621]. Bradley Sharp is the duly-appointed and acting Chapter 7 Trustee of the Debtor's estate.

On December 23, 2015 the Debtor filed his Motion to Dismiss Chapter 7 Bankruptcy Case Under 11 U.S.C. § 105, 305(a) and 707(a) (the "Debtor's Motion to Dismiss")[Docket No. 877]. In connection therewith, on December 28, 2015, the Trustee filed his reply to the Debtor's Motion to Dismiss [Docket No. 880], and other parties in interest filed responses or oppositions [Docket Nos. 876, 879, 881, 882, 883, 884 and 885]. At a hearing held on January 11, 2016, the Court granted the Debtor's Motion to Dismiss, with conditions, setting the motion for final hearing on February 29, 2016, with final fee applications to be filed by January 29, 2016 and any oppositions thereto to be filed by February 12, 2016 [Docket Nos. 888 and 894].

On January 15, 2016 the Court entered its Order Granting Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case Under 11 U.S.C. Sections 105, 305(a) and 707(a) (the "Dismissal Order") [Docket No. 894]. The Dismissal Order provides, in relevant part, as follows:

"2.   Final fee applications shall be heard on **February 29, 2016 at 2:00 p.m.**, with fee applications to be filed and served on or before **January 29, 2016**, and any objections thereto filed and served on or before **February 12,**

**2016**. Per the request of the Trustee, orders allowing final fees and expenses may provide for the entry of judgments so that any professional who chooses to may pursue its claim for unsatisfied allowed fees against the unadministered assets of the estate which will be abandoned to the Debtor following dismissal; and,

3.  The Motion is granted and the case will be dismissed, with a 180-day bar to any re-filing by the Debtor, effective twenty (20) days after entry of judgments or orders on final fee applications." [Emphasis in original].

On January 28, 2016, Craig Baptiste, Mach-1 Autogroup, Mach-1 RSMH LLC (collectively, "Mach-1") filed its Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel [Docket No. 902], appealing the Dismissal Order (the "Mach-1 Appeal").[1]

On July 8, 2016, the Bankruptcy Appellate Panel (the "BAP") entered its Order of Dismissal as to the Nichols Capistrano appeal. [BAP Docket No. 23].

On July 26, 2016, the BAP entered its Order of Dismissal of Appeal as to the Mach-1 Appeal. [BAP Docket No. 27].

**B. Administrative Claims.**

Chapter 11: Consistent with the provisions of the Dismissal Order, professionals engaged by the Debtor and the Chapter 11 Trustee filed final fee applications on or before January 29, 2016. The applications came on for hearing on February 29, 2016, at which time the Court allowed in final the following Chapter 11 fees and expenses:

1.  Lobel, Neue & Till, LLP ("Lobel, Neue"), Counsel for Chapter 11 Debtor, fees and expenses in the amounts of $727,287.60 and $1,981.58, respectively;
2.  Law Offices of Frank W. Battaile, Special Litigation Counsel for Chapter 11 Debtor ("Battaile"), fees and expenses in the amounts of $20,035.00 and $160.00, respectively;

---

[1] On January 29, 2016, a similar appeal of the Dismissal Order was filed by Nichols Capistrano Associates ("Nichols Capistrano"), which appeal is referred to collectively with the Mach-1 appeal as the "Mach-1 Appeal".

- 4 -

3. Law Office of Paul W. Raymond ("Raymond"), Special Tax Counsel to Chapter 11 Debtor, fees and expenses in the amounts of $16,840.00 and $19.08, respectively;

4. Winthrop Couchot Professional Corporation ("Winthrop Couchot"), Special Counsel to Chapter 11 Debtor, fees and expenses in the amounts of $53,441.50 and $1,605.80, respectively [Docket No. 987];

5. Goe & Forsythe, LLP ("Goe & Forsythe"), Counsel for the Official Committee of Unsecured Creditors, fees in the amount of $60,475.50 [Docket No. 984];

6. Ringstad & Sanders, LLP ("Ringstad & Sanders"), Counsel for Chapter 11 Trustee, Bradley Sharp, fees and expenses in the amounts of $75,072.50 and $614.03, respectively;

7. Swicker & Associates ("Swicker"), Accountants for Chapter 11 Trustee, Bradley Sharp, fees and expenses in the amounts of $7,523.00 and $223.27, respectively; and,

8. Hinds & Shankman, LLP ("Hinds & Shankman"), Attorneys for the Official Committee of General Unsecured Creditors, fees and expenses in the amounts of $196,525.60 and $4,672.95, respectively.

No payment was authorized as to Chapter 11 fees and expenses until after determination of the Mach-1 Appeal, or further order of this Court. [See, Docket Nos. 977, 984 and 987, collectively, the "Fee Orders")].

On or about March 15, 2016, the Court entered its Order (1) Denying Trustee's Motion for Order Disallowing or Reducing the Claim of Nichols Capistrano Associates and (2) Allowing Administrative Claim of Nichols Capistrano Associates [Docket No. 983], allowing the Chapter 11 administrative priority claim of Nichols Capistrano in the amount of $122,840.00.

Chapter 7: The Court further allowed as final the following Chapter 7 professional fees and expenses:

1. Battaile, in its capacity as Special Counsel for Chapter 7 Trustee, fees and expenses in the amounts of $198,790.00 and $820.00, respectively (which fees and expenses had previously been paid in full by the estate);

2.  Swicker, in its capacity as Accountants for Chapter 7 Trustee, fees and expenses in the amounts of $5,081.00 and $57.25, respectively;

3.  Ringstad & Sanders, Counsel for Chapter 7 Trustee, fees and expenses in the amounts of $156,300.00 and $1,931.14, respectively; and,

4.  Bradley Sharp, in his capacity as Chapter 11 Trustee and Chapter 7 Trustee, fees and expenses in the amounts of $36,702.42 and $597.47, respectively.

As to the Chapter 7 fee awards, the Trustee was authorized to disburse funds of the estate in payment of such allowed fees and expenses in an amount equal to 70% of the allowed fees and 100% of the allowed expenses. [Docket No. 977]. The Trustee subsequently disbursed funds consistent with the Fee Orders.

The Fee Order at Docket No. 977 further provides: "With regard to the Applications filed relating to services performed in the Chapter 7 proceeding, notwithstanding the designation of such Applications as requests for final compensation and reimbursement of expenses, the applicants are authorized to submit further applications for compensation during the pendency of the case consistent with the provisions of 11 U.S.C. §§ 330 and 331." Counsel for the Trustee, Ringstad & Sanders LLP, has filed concurrently herewith its supplemental final fee application, seeking final fees and expenses for the period January 28, 2016 through July 31, 2016. Swicker & Associates, accountants for the Trustee have elected not to file a supplemental final fee application.

By virtue of the foregoing, the following Chapter 7 administrative claims have been (or seek to be) allowed in final and remain unpaid:

| Claimant | Fees | Expenses | Total |
|---|---|---|---|
| Chapter 7 Trustee | $ 11,010.73 | -0- | $ 11,010.73 |
| Swicker | $ 1,524.30 | -0- | $ 1,524.30 |
| Ringstad & Sanders (Per Fee Order) | $ 46,890.00 | -0- | $ 46,890.00 |
| Ringstad & Sanders (Subject to Court Consideration Of Final Fee Application) | $47,784.50 | $350.65 | $48,135.15 |

| | | | |
|---|---|---|---|
| Office of the United States Trustee (through October, 2016 or final disbursement) | | | $ -0- [2] $ |
| Total: | $107,209.50 | $350.65 | $107,560.18 |

The following Chapter 11 administrative claims have been allowed in final and remain unpaid:

| Claimant | Fees | Expenses | Total |
|---|---|---|---|
| Lobel, Neue | $727,287.60 | $1,981.58 | $729,269.18 |
| Battaile | $ 20,035.00 | $ 160.00 | $ 20,195.00 |
| Raymond | $ 16,840.00 | $ 19.08 | $ 16,859.08 |
| Goe & Forsythe | $ 60,475.50 | $ 1,196.39 | $ 61,671.89 |
| Winthrop Couchot | $ 53,441.50 | $ 1,605.80 | $ 55,047.30 |
| Ringstad & Sanders | $ 75,072.50 | $ 614.03 | $ 75,686.53 |
| Swicker | $ 7,523.00 | $ 223.27 | $ 7,746.27 |
| Hinds & Shankman | $196,525.60 | $ 4,672.95 | $201,198.55 |
| Nichols Capistrano | | | $122,840.00 |
| Franchise Tax Board (Claim No. 4-2) | | | $ 10,214.36[3] |
| Total: | | | $1,299,558.77 |

### C. Funds on Hand in the Estate.

As detailed in the Statement of Position/Case Update of Chapter 7 Trustee Regarding Final Chapter 11 Fee Applications of: (1) Goe & Forsythe, LLP; (2) Law Office of Frank W. Battaile; (3) Lobel, Neue & Till, LLP, Winthrop Couchot Professional Corporation; (5) Paul W. Raymond; and (6) Hinds & Shankman, LLP filed with the Court on February 19, 2016 [Docket No. 946], the estate had on hand at that time the sum of $527,849.75.

---

[2] The Trustee has been in communication with the Office of the United States Trustee and believes that no fees will be owing to that office at the time of dismissal. In the event that fees are in fact owing, the Trustee requests authorization to pay such fees in full prior to effectuating the pro-rata distribution to Chapter 11 administrative claimants as contemplated herein.
[3] Claim No. 4-2 is filed in the total amount of $12,767.95, with $10,214.36 claimed as priority pursuant to 11 U.S.C. § 507(a)(8), and $2,553.59 claimed as general unsecured.

Subsequent to February 19, 2016, no additional sums have been received by the estate. Disbursements have been made on account of fees and costs awarded per the Fee Order, and for the Trustee's bond premiums, as per Exhibit "A" hereto. As a result, as of the date hereof, the estate has on hand the sum of $383,288.00.

**D. Proposed Distributions.**

    (i)    **Administrative Priority Claims.**

As set forth above, the Trustee proposes to pay in full Chapter 7 administrative claims as allowed by the Court. Following the Court's consideration of the final fee application of Ringstad & Sanders, the Trustee estimates final Chapter 7 administrative claims to be in the amount of $107,560.18, including the remaining statutory fees of the Trustee, as prescribed by 11 U.S.C. Section 326(a), which were previously allowed by the Court and paid in part. Payment of allowed Chapter 7 administrative claims will leave the approximate sum of $275,727.82 on hand in the estate.

Thereafter the Trustee proposes to pay, pro-rata, the remaining funds on hand to Chapter 11 administrative claimants. Such claims total $1,299,558.77. The Trustee estimates a distribution to Chapter 11 administrative claimants of approximately 21%.

The Trustee requests that the Court authorize the above distributions, as approximated, with the understanding that the funds available for pro-rata distribution may be slightly higher or lower than projected, depending on the final allowed Chapter 7 administrative claims, and any fees determined to be owing to the Office of the United States Trustee.

The claims register maintained by the Clerk of the Court (the "Claims Register") evidences the filing of several secured claims. The Trustee has reviewed these claims and can confirm that the collateral securing the claims was either liquidated, abandoned, or the creditor granted relief from the automatic stay to foreclosure upon its collateral. In the case of Mach-1, the state court judgment upon which this claim was based has been set aside on appeal and the matter is pending retrial. In the interim, the Trustee has coordinated with counsel for Mach-1 the withdrawal of the liens recorded in reliance upon the former judgment. Accordingly, the Trustee is unaware of any valid or allowed secured claims asserted against the estate.

The Trustee is unaware of any additional administrative or priority claims asserted against the estate.

    (ii)    **General Unsecured Claims.**

There are insufficient funds on hand in the estate to effectuate a distribution to general unsecured creditors. As such, the Trustee has not incurred the expense of filing objections to any filed general unsecured claims.

    E.    **Grounds for Requesting Dismissal.**

Pursuant to the Dismissal Order, the Court has ordered the case dismissed following approval of final Chapter 7 administrative claims and distribution of all funds held by the Trustee. By this Motion, the Trustee requests the Court approval of the distributions proposed hereby and subsequent dismissal of the case, discharge of the Trustee and exoneration of his bond.

## II.

## CONCLUSION

Based upon the foregoing, the Trustee requests that the Court authorize the Trustee to disburse funds in satisfaction of all allowed Chapter 7 administrative claims, and thereafter effectuate a one-time, distribution pro-rata distribution to allowed Chapter 11 administrative claims. Thereafter the Trustee requests that the Court order the Trustee discharged and his bond exonerated, with the case thereafter formally dismissed.

Dated: August 24, 2016                Respectfully Submitted,

                                      RINGSTAD & SANDERS LLP

By:   */s/ Nanette D. Sanders*
       Nanette D. Sanders
       General Bankruptcy Counsel for
       Bradley Sharp, Chapter 7 Trustee

## DECLARATION OF BRADLEY SHARP

I, Bradley Sharp, hereby declare and state as follows:

1.  I am an adult over the age of eighteen years. I am the duly appointed and acting Chapter 7 Trustee in the bankruptcy proceeding of *Marc Joseph Spizzirri* ("Spizzirri" or the "Debtor"). The matters set forth herein are personally known to me to be true, except those matters set forth on information and belief; and as to those matters, I am informed and believe them to be true. If called upon to do so, I could and would competently testify as to the truth of the matters set forth herein. I make this declaration in support of the motion for an order authorizing final distributions to creditors, subsequent dismissal of case, discharge of trustee and exoneration of bond (the "Motion").

2.  Based upon my review of the case docket in this proceeding, I am informed and believe that on May 30, 2013 the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court").

3.  On June 19, 2014 the Court entered an order appointing a Chapter 11 Trustee [Docket No. 398]. I was subsequently appointed as the Chapter 11 Trustee of the Debtor's estate [Docket No. 418].

4.  On February 12, 2015 the Debtor and I entered into a Stipulation to Convert Case to Chapter 7 [Docket No. 616]. The Court entered an order granting the Stipulation on February 24, 2015 [Docket No. 621]. I am the duly-appointed and acting Chapter 7 Trustee of the Debtor's estate.

5.  On December 23, 2015 the Debtor filed his Motion to Dismiss Chapter 7 Bankruptcy Case Under 11 U.S.C. § 105, 305(a) and 707(a) (the "Debtor's Motion to Dismiss")[Docket No. 877]. In connection therewith, on December 28, 2015, I, through counsel, filed my reply to the Debtor's Motion to Dismiss [Docket No. 880], and other parties in interest filed responses or oppositions [Docket Nos. 876, 879, 881, 882, 883, 884 and 885]. At a hearing held on January 11, 2016, the Court granted the Debtor's Motion to Dismiss, with conditions, setting the motion for final hearing on February 29, 2016, with final fee applications to be filed by

1  January 29, 2016 and any oppositions thereto to be filed by February 12, 2016 [Docket Nos. 888
and 894].

6.  On January 15, 2016 the Court entered its Order Granting Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case Under 11 U.S.C. Sections 105, 305(a) and 707(a) (the "Dismissal Order") [Docket No. 894].

7.  On January 28, 2016, Craig Baptiste, Mach-1 Autogroup, Mach-1 RSMH LLC (collectively, "Mach-1") filed its Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel [Docket No. 902], appealing the Dismissal Order (the "Mach-1 Appeal").

8.  On January 29, 2016, a similar appeal of the Dismissal Order was filed by Nichols Capistrano Associates ("Nichols Capistrano"), which appeal is referred to collectively with the Mach-1 appeal as the "Mach-1 Appeal".

9.  On July 8, 2016, the Bankruptcy Appellate Panel (the "BAP") entered its Order of Dismissal as to the Nichols Capistrano appeal. [BAP Docket No. 23]. On July 26, 2016, the BAP entered its Order of Dismissal of Appeal as to the Mach-1 Appeal. [BAP Docket No. 27].

10.  During the course of my administration of the estate, both in my capacity as Chapter 11 Trustee and Chapter 7 Trustee, I have had the following monetary activity (as of August 24, 2016):

| | |
|---|---|
| Receipts | $ 777,033.80 |
| Disbursements | $ 393,745.80 |
| Balance on Hand | $ 383,288.00 |

11.  A true and correct copy of my Form 2 reflecting all receipts and disbursements to date is attached hereto as Exhibit "A" and incorporated by this reference.

12.  I have reviewed the Schedules filed by the Debtor and the claims register maintained by the Clerk of the Court (the "Claims Register"), and am informed and believe that all allowed administrative claims, both Chapter 11 and Chapter 7, are as set forth in the Motion. I am unaware of the assertion of any additional administrative claims against the estate.

13.  The Claims Register also evidences the filing of several secured claims. I have reviewed these claims and can confirm that the collateral securing the claims was either

- 11 -

liquidated, abandoned, or the creditor granted relief from the automatic stay to foreclosure upon its collateral. In the case of Mach-1, the state court judgment upon which this claim was based has been set aside on appeal and the matter is pending retrial. In the interim, I have, through counsel, coordinated with counsel for Mach-1 the withdrawal of the liens recorded in reliance upon the former judgment. Accordingly, I am unaware of any valid or allowed secured claims asserted against the estate.

14. Through counsel I have been in communication with the Office of the United States Trustee to determine any additional fees that may be owing to that office as of the date of dismissal. At present I am advised that no additional fees are owing. In the event that it is ultimately determined that fees are in fact owing, I propose to pay such fees in full prior to effectuating the pro-rata distribution to Chapter 11 administrative claimants proposed herein.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 24 day of August, 2016, at Los Angeles, California.

_____
Bradley Sharp, Chapter 7 Trustee

FORM 2

CASH RECEIPTS AND DISBURSEMENTS RECORD

CASE NO: 8:13-bk-14702-MW
CASE NAME: Marc Joseph Spizzirri

PERIOD ENDING:

BANK NAME: East West Bank
TRUSTEE NAME: Bradley D. Sharp
CHKG ACCT#: xx-xxxxx2745
BOND AMOUNT: 948,000.00

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| TRANSACTION DATE | CHECK OR REFERENCE NUMBER | PAID TO/ RECEIVED FROM | DESCRIPTION TRANSACTION | UNIFORM TRANSACTION CODE | DEPOSIT $ | DISBURSEMENT $ | CHECKING ACCOUNT BALANCE |
| 2/23/2015 | 1 | | Balance as of Date of Chapter 7 Conversion | 1290-000 | 117,715.57 | | 117,715.57 |
| 04/23/2015 | 1006 | David Brandt | Professional Fees | 3711-000 | | 517.87 | 117,197.70 |
| 05/13/2015 | 1007 | Austin McNichols | Insurance | 2300-000 | | 600.00 | 116,597.70 |
| 07/14/2015 | 2 | Klevansky Piper | Household Goods and Furnishings | 1210-000 | 18,000.00 | | 134,597.70 |
| 10/23/2015 | 9 | | Malpractice Claim Settlement | 1249-000 | 496,975.00 | | 631,572.70 |
| 11/24/2015 | 1008 | Law Office of Fank W. Battaile | Professional Fees | 6700-000 | 0.00 | 199,610.00 | 431,962.70 |
| 11/24/2015 | 1009 | Klevansky Piper | Professional Fees | 3110-000 | 0.00 | 10,456.54 | 421,506.16 |
| | | | | 3120-000 | 0.00 | 31.87 | 421,474.29 |
| 12/01/2015 | 1010 | Austin McNichols | Insurance | 2300-000 | | 1,610.00 | 419,864.29 |
| 02/09/2016 | 10 | DFG Group | Investment in Cemetary Property | 1210-000 | 75,059.23 | | 494,923.52 |
| 02/09/2016 | 10 | DFG Group | Investment in Cemetary Property | 1210-000 | 32,926.23 | | 527,849.75 |
| 03/11/2016 | 1011 | Development Specialists Inc | Professional Fees | 2100-000 | | 25,691.69 | 502,158.06 |
| | | | Professional Expenses | 2200-000 | | 597.47 | 501,560.59 |
| 03/11/2016 | 1012 | Ringstad & Sanders, LLP | Professional Fees | 3110-000 | | 109,410.00 | 392,150.59 |
| | | | Professional Expenses | 3120-000 | | 1,931.14 | 390,219.45 |
| 03/11/2016 | 1013 | Swicker & Associates | Professional Fees | 3310-000 | | 3,556.70 | 386,662.75 |
| | | | Professional Expenses | 3320-000 | | 56.75 | 386,606.00 |
| 06/03/2016 | 1014 | Austin McNichols | Insurance | 2300-000 | | 3,318.00 | 383,288.00 |
| | | | | | | | 383,288.00 |

COLUMN TOTALS       740,676.03    357,388.03
Less: Bank transfers      0.00      0.00
Subtotal         740,676.03    357,388.03
Less: Payments to debtors     0.00      0.00
Net          740,676.03    357,388.03

EXHIBIT __A__
PAGE __13__

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Suite 1600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **MOTION BY CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS AND SUBSEQUENT DISMISSAL OF CASE, DISCHARGE OF TRUSTEE AND EXONERATION OF BOND; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 24, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Mel Aranoff maranoff@hrbc.com
- Reem J Bello rbello@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- William M. Burd wmburd@burd-naylor.com, mcrouch@burd-naylor.com
- Dan E Chambers dchambers@clfca.com
- Ronald R Cohn rcohn@horganrosen.com
- Caroline Djang cdjang@rutan.com
- Fritz J Firman firmanweber@Yahoo.com, centralservice.firmanweber@gmail.com
- Nichole Glowin nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- James Andrew Hinds jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Stephen E Hyam shyam@clarktrev.com
- John Mark Jennings jjennings@shbllp.com
- Edgar C Johnson ej@vossjohnsonlaw.com, edgarcjohnson@gmail.com
- Verlan Y Kwan verlan@keystone-law.com
- William N Lobel wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- Brian R Nelson becky@ringstadlaw.com, brian@ringstadlaw.com
- Mike D Neue mneue@btntlaw.com
- Tom Roddy Normandin tnormandin@pnbd.com, nwong@pnbd.com;srichards@pnbd.com;cathyjones@pnbd.com
- Robert E Opera ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com;rchavez@winthropcouchot.com
- Eric S Pezold epezold@swlaw.com, sberumen@swlaw.com
- Brett Ramsaur bramsaur@swlaw.com, kcollins@swlaw.com
- Todd C. Ringstad becky@ringstadlaw.com
- Nanette D Sanders becky@ringstadlaw.com
- Justin Santarosa jsantarosa@hrbc.com
- Paul R Shankman pshankman@jhindslaw.com
- Leonard M Shulman lshulman@shbllp.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- Scott O Smith ssmith@buchalter.com
- Derrick Talerico dtalerico@btntlaw.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Michael J. Weiland mweiland@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Jeffrey N Williams jwilliams@wargofrench.com
- Brian Barouir Yeretzian byeretzian@jhindslaw.com, yeretzian@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  August 24, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Marc Joseph Spizzirri
6605 Colina Puesta
San Clemente, CA 92673

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 24, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Via Personal Delivery**: Honorable Mark S. Wallace, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth Street, Mail slot by 6th Floor Elevators, Santa Ana, CA 92701-4593

**Via Email:**
Bradley Sharp
Development Specialists, Inc.
333 S. Grand Ave., #4070
Los Angeles, CA 90071-1544

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 24, 2016 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**